UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPREADSHIRT, INC., <br><br> Defendant. | No. 2:15-cv-00832 <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

The Pokémon Company International, Inc. ("TPCi") brings this action against Spreadshirt, Inc. ("Spreadshirt"), owner and operator of the web site located at www.spreadshirt.com (the "Spreadshirt Site"), alleging copyright infringement and contributory copyright infringement. Spreadshirt's reproduction and distribution of TPCi's copyrighted characters and images on t-shirts and other merchandise sold on the Spreadshirt Site, and its inducement of and knowing contribution to third parties' similar acts, infringe TPCi's intellectual property rights. Accordingly, TPCi seeks damages, injunctive relief, and attorneys' fees.

## THE PARTIES

1.  Plaintiff, The Pokémon Company International, Inc., is a Delaware corporation with its principal place of business at 601 108th Ave. NE, Suite 1600, Bellevue, Washington

98004.

2. Upon information and belief, Defendant, Spreadshirt, Inc., is a corporation formed under the laws of Delaware, with its principal place of business located at 186 South Street, 1st Floor, Boston, Massachusetts 02111, that developed and operates an online retail shop through which it sells t-shirts, sweatshirts, hoodies, and other apparel as well as mugs, aprons, mobile phone cases, backpacks and other merchandise.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, because this action alleges violations of federal statutes, including the Copyright Act (17 U.S.C. § 101, *et seq.*).

4. This Court has personal jurisdiction over Spreadshirt because, on information and belief, Spreadshirt transacts business in the State of Washington, ships its products to the State of Washington, and targets advertising to the State of Washington and prospective consumers here; it contracts with content providers in the State of Washington who assist it in the creation of the t-shirts and other merchandise that it markets and sells; it generates substantial revenue from online sales of t-shirts and other merchandise to consumers in the State of Washington to whom Spreadshirt markets these products through its highly interactive, commercial web site—the Spreadshirt Site.  This Court also enjoys personal jurisdiction over Spreadshirt because this dispute arises from Spreadshirt's intentionally tortious conduct—namely, willfully and deliberately infringing TPCi's intellectual property—such that Spreadshirt has specifically targeted and injured TPCi, who resides in this judicial district.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has harmed TPCi's intellectual property located in this judicial district and under 28 U.S.C. § 1391(c) because Defendant resides in this judicial district because it is subject to personal jurisdiction herein.

# FACTUAL ALLEGATIONS

**The Pokémon Trading Card Game**

6. TPCi manufactures, markets, and distributes a variety of children's entertainment products, including movies, television shows, games, and toys throughout the United States and around the world.

7. At the center of TPCi's business is the wildly popular Pokémon trading card game (the "Trading Card Game"). Pokémon trading cards each represent a particular character (or "Pokémon"). Players take the role of "Trainers" and use their collected Pokémon to battle the other Trainers' creatures. Between games, players collect trading cards to assemble their optimal decks.

8. Each Pokémon trading card contains original artwork depicting a Pokémon character, as well as the character's powers and abilities, a description of the character, and other data indicating the card's value. For example, here is a copy of a trading card depicting the iconic character Pikachu:



9. TPCi owns exclusive rights under the Copyright Act for the artwork and characters that TPCi has developed over thousands of trading cards for more than a decade, and

1   TPCi registers the works with the United States Copyright Office.  TPCi has attached as <u>Exhibit
2   A</u> a selection of TPCi's copyrights in these visual works and the corresponding registration
3   numbers (collectively, the "Pokémon Works").

4      10. TPCi products, and specifically the Trading Card Game expansion sets, are rolled
5   out to significant fanfare and marketed to millions of users both in the United States and around
6   the world. In 2014 alone, TPCi invested over $6 million in domestic advertising and promotions
7   associated with its Trading Card Game.  TPCi products are directed at and enjoyed by users of
8   all ages.

9      11. TPCi features the Pokémon characters not only in its vastly successful Trading
10  Card Game, but also in a wide variety of clothing, books, toys, and other merchandise (the
11  "Pokémon Merchandise") that TPCi creates and sells, both directly and through a world-wide
12  network of licensees.  TPCi's domestic sales of Pokémon Merchandise exceeded $6 million in
13  2014 alone.

14     12. The iconic characters and comprehensive Pokémon world that appear in the
15  Pokémon Trading Card Game also provide a rich source of content for the 18 seasons of TPCi's
16  long-running televised series of Pokémon cartoons and 17 full-length animated motion pictures.

17     13. Through appearances in the Pokémon television programs and films, together
18  with years of development through the Trading Card Game and Pokémon Merchandise, several
19  Pokémon characters have emerged as icons and fan favorites.

20     14. Pikachu, the most recognizable Pokémon within the Pokémon universe, has
21  become TPCi's principal mascot for the company and the Pokémon brand world-wide. Sample
22  images of this iconic character appear below:

 

15. Pikachu, is a central character in the Pokémon television series and Pokémon films. Similarly, Pikachu appears in the vast majority of TPCi's Pokémon game content, either as a central or incidental character. Pikachu appears on numerous cards in the Pokémon Trading Card Game, and is featured in or around the branding for championship tournaments and other events that TPCi organizes with respect to the Pokémon Trading Card Game.  Pikachu has consistently featured in Pokémon Merchandise since its introduction, and TPCi's prominent use of Pikachu in such goods has generated enormous consumer recognition.

16. Charizard, another Pokémon character, has generated a strong following among Pokémon fans since it was first featured in a wide variety of early Pokémon media, merchandise, and games, including appearances on the packaging of Pokémon games.  Images of Charizard appear below:

 

17. Charizard regularly features in the Pokémon Trading Card Game, and a Charizard card remains the most coveted card for collectors.  TPCi has featured Charizard in or around the branding for championship tournaments and other events that TPCi organizes with respect to the Pokémon Trading Card Game.  Charizard has also featured in the Pokémon cartoon series and films, sometimes in a key recurring role. Given Charizard's substantial appeal to fans, TPCi continues to frequently use Charizard on Pokémon Merchandise. Other characters in the Pokémon universe, while not as heavily featured by TPCi, have risen to prominence with fans as a result of their original appearances in the Pokémon universe. TPCi has reinforced and then utilized this popularity in later television and film products and Pokémon Merchandise offerings.

18. For instance, the Pokémon Magikarp appeared in early Pokémon animated content as a long-time running gag involving the primary villains of the Pokémon universe,

making occasional film appearances. An image of Magikarp appears below:



19. This character appears frequently in the Pokémon Trading Card Game. While Magikarp is not a focal point of the Pokémon narrative, TPCi uses fan favorites like Magikarp for occasional appearances on Pokémon Merchandise.

20. Pikachu, Charizard, and Magikarp each demonstrate how Pokémon characters cultivate appeal among Pokémon fans and emerge as central elements for the designs that TPCi selects for its clothing, accessories, and other merchandise.

**Spreadshirt and its Sales of Infringing Items**

21. Spreadshirt operates a self-described "creative apparel platform" through the Spreadshirt Site, where Spreadshirt entices artists and designers to provide content that Spreadshirt exploits to sell an extensive selection of t-shirts, sweatshirts, golf shirts, jackets, vests and other clothing, as well as mugs, aprons, mobile phone cases, backpacks and other merchandise.

22. In exchange for their content, Spreadshirt pays content suppliers a commission based on the revenue Spreadshirt earns from sales of clothing and merchandise bearing the supplied content.

23. Spreadshirt provides many of its content suppliers with dedicated "shop pages" within the Spreadshirt Site. One such "shop page" is the "Awesome Pokémon Shop" – http://awesomepokemonshop.spreadshirt.com/ – through which Spreadshirt offers clothing and merchandise featuring dozens of infringing designs that incorporate characters and other iconic visual elements derived from the Pokémon Works. These include designs that showcase Pikachu, Charizard, Magikarp and other popular Pokémon characters, including the examples set

forth below:

  

24. When an "Awesome Pokémon Shop" visitor elects to purchase an item of clothing or merchandise containing infringing content, he or she places an order with Spreadshirt and not the shop owner. As set out in Spreadshirt's own Terms and Conditions, by placing an order, the visitor thereby "makes a binding offer for a contract of sale or, as the case may be, a contract for work and materials with Spreadshirt only (no contract exists between the customer and any applicable shop owner)." See http://www.spreadshirt.com/terms-and-conditions-for-customers-C2377.

25. Spreadshirt controls not only the customer ordering process, but the complete exploitation of the infringing content—including stocking, logistics, production, shipping—regardless of any individual "shop page" label or branding. Spreadshirt explicitly admits that "From stock, printing and fulfillment to shipping and customer service, Spreadshirt handles your transaction lifecycle from start to finish." See http://www.spreadshirt.net/start-selling-C5780. Thus, Spreadshirt seeks and obtains a direct financial benefit from the infringing content that appears on the Spreadshirt Site.

26. On information and belief, Spreadshirt's production facility and shipping process are not fully automated—and therefore, Spreadshirt employees engage in volitional conduct that results in infringement of the Pokémon Works. Spreadshirt's employees, not content providers or other third parties, are the ones operating the machinery and equipment used by Spreadshirt to create the infringing merchandise.

27. Moreover, each piece of merchandise bearing one of the Pokémon Works that Spreadshirt makes, distributes and sells in conjunction with a customer's order is a direct infringement on TPCi's exclusive rights in the Pokémon Works.

## FIRST CAUSE OF ACTION

### (Copyright Infringement, 17 U.S.C. § 101, *et seq.*)

28. TPCi realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 27 above.

29. Each of the Pokémon Works constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

30. TPCi is the sole owner of all exclusive rights in and to the Pokémon Works and the corresponding Certificates of Registration.

31. Spreadshirt has copied, created derivative works of, distributed copies to the public, and/or displayed publicly Pokémon Works without the consent or authority of TPCi, thereby directly infringing TPCi's exclusive rights under the Copyright Act.

32. The foregoing acts of Spreadshirt constitute infringement of TPCi's exclusive rights, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

33. Spreadshirt's actions were and are intentional, willful, wanton, and performed in disregard of TPCi's rights.

34. TPCi is entitled to injunctive relief pursuant to 17 U.S.C. § 502. TPCi has no adequate remedy at law for Spreadshirt's wrongful conduct because, among other things, (a) TPCi's copyrights are unique and valuable property which have no readily determinable market value, (b) Spreadshirt's continued infringement harms TPCi such that TPCi could not be made whole by any monetary award, and (c) Spreadshirt's wrongful conduct, and the resulting damage to TPCi, is continuing.

35. TPCi has been and will continue to be damaged, and Spreadshirt has been unjustly enriched, by Spreadshirt's unlawful infringement of TPCi's copyrights in an amount to be proven at trial.

36. Alternatively, TPCi is entitled to statutory damages under 17 U.S.C. § 504(c).

37. In addition, for the reasons set forth above, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

38. TPCi is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

39. TPCi realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 38 above.

40. Spreadshirt customers who are its content providers have copied, reproduced, prepared derivative works from, distributed to the public and/or publicly displayed, or otherwise infringed the Pokémon Works without TPCi's consent, thereby directly infringing TPCi's copyrights.

41. Spreadshirt has engaged and continues to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to the unauthorized copying, reproduction, preparation of derivative works from, distribution of copies to the public and/or public display of the Pokémon Works by Spreadshirt content providers and thus to the direct infringement of the Pokémon Works.

42. Spreadshirt's conduct constitutes contributory infringement of TPCi's copyrights and exclusive rights under copyright in the Pokémon Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

43. Spreadshirt's actions were and are intentional, willful, wanton and performed in disregard of TPCi's rights.

44. TPCi has been and will continue to be damaged, and Spreadshirt has been unjustly enriched, by Spreadshirt's unlawful infringement of the Pokémon Works in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, TPCi respectfully requests judgment be entered in its favor and against Spreadshirt, as follows:

1. A permanent injunction enjoining and restraining Spreadshirt, and all persons or entities acting in concert with it, during the pendency of this action and thereafter perpetually from copying, creating derivative works from, distributing copies of, and/or publicly displaying the Pokémon Works.

2. An award of damages, including, but not limited to, compensatory, statutory, and punitive damages, as permitted by law;

3. An award to TPCi of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law;

4. An order under 17 USC §503(b) requiring Spreadshirt (A) to impound, on such terms as the Court may deem reasonable, (i) all copies claimed to have been made or used in violation of the exclusive right of TPCi; (ii) all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and (iii) of records documenting the manufacture, sale, or receipt of things involved in any such violation, provided that any records seized shall be taken into the custody of the Court; and (B) to destroy, or otherwise reasonably dispose of, all copies found to have been made or used in violation of TPCi's exclusive rights, and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced; and

5. Such other relief as the Court deems just and proper.

//
//
//
//
//
//

1 | DATED: May 27, 2015

Respectfully Submitted,

FOCAL PLLC

By: *s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA #28269

*s/ Sean M. McChesney*
Sean M. McChesney, WSBA #36973

800 Fifth Avenue, Suite 4100
Seattle, WA 98136
Tel: (206) 529-4827
Fax: (206) 260-3966
venkat@focallaw.com
sean@focallaw.com

J. Michael Monahan II*
ASTROLABE LLC
4728 North Kenmore Avenue
Chicago, Illinois 60640

**Pro Hac Vice* motion forthcoming

Attorneys for Plaintiff,
THE POKÉMON COMPANY
INTERNATIONAL, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, TPCi demands trial by jury in this action of all issues so triable.

DATED: May 27, 2015                               FOCAL PLLC

By: *s/ Venkat Balasubramani*
Venkat Balasubramani, WSBA #28269