HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE POKÉMON COMPANY INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPREADSHIRT, INC., <br><br> Defendant. | C15-832-TSZ <br><br> FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT SPREADSHIRT, INC. |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

**FINDINGS AND CONCLUSIONS**

1. This is an action brought by The Pokémon Company International, Inc. ("TPCi") against Spreadshirt, Inc. ("Spreadshirt"), for copyright infringement and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.* In its Complaint, TPCi sought, in part, injunctive relief under 17 U.S.C. § 502.

2. The Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

3. The Complaint alleges that Spreadshirt's reproduction and distribution of TPCi's copyrighted characters and images on t-shirts and other merchandise sold on Spreadshirt's

FINAL JUDGMENT AND PERM. INJ.
(CASE NO. 2:15-cv-00832 TSZ) - 1

**focal** PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

website, www.spreadshirt.com (the "Spreadshirt Site"), and Spreadshirt's inducement of, and knowing contribution to, third parties' similar conduct, infringes TPCi's copyrighted works.

## FINAL JUDGMENT

Judgment is entered in favor of TPCi against Spreadshirt.

## INJUNCTION

1.  For the purposes of this Permanent Injunction, the following definitions apply:

    (a)  "Copyrighted Work" shall mean a work containing Pokémon content, or portion thereof, in which TPCi, or a parent, subsidiary or affiliate of TPCi, at the time of Spreadshirt's conduct in question, owns or controls a valid and subsisting exclusive right under the Copyright Act, 17 U.S.C. § 101 *et seq.*

    (b)  "Days" means calendar days, unless otherwise specified.

    (c)  "Infringement Image" shall mean an image provided by TPCi to Spreadshirt and containing a Copyrighted Work, to be used by Spreadshirt to comply with this Permanent Injunction.

    (d)  "Infringing Item" shall mean any product, good, or merchandise bearing any, or comprising a, simulation, reproduction, counterfeit, copy, or colorable imitation of an Infringement Image, or any part thereof, manufactured, sold, offered for sale, advertised, marketed, and/or distributed by or on behalf of Spreadshirt in the past or in the future.

    (e)  "Third-Party Infringer" shall mean any individual and entity, other than Spreadshirt or its officers, agents, servants, employees, or assigns, involved in the design or creation of Infringing Items.

2.  Spreadshirt and its officers, agents, servants, employees, assigns, and all those in active concert or participation with any of them (collectively, the "Enjoined Parties"), who receive actual notice of this Permanent Injunction by personal service or otherwise, are ORDERED and ENJOINED as follows:

    (a)  Within ten (10) days of entry of this Permanent Injunction, TPCi will provide to Spreadshirt a list of Infringement Images.

FINAL JUDGMENT AND PERM. INJ.
(CASE NO. 2:15-cv-00832 TSZ) - 2

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

      (b)    Within ten (10) days of Spreadshirt's receipt of the list of Infringement Images, the Enjoined Parties are permanently enjoined from infringing the Copyrighted Works, either directly or contributorily, including generally, but not limited to, by manufacturing, producing, selling, marketing, advertising, promoting, displaying, offering for sale or otherwise disposing of or distributing any of the Infringing Items; and

      (c)    Within ten (10) days of Spreadshirt's receipt of the list of Infringement Images, the Enjoined Parties are permanently enjoined from inducing, aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon any of the Copyrighted Works.

      (d)    Within ten (10) days of Spreadshirt's receipt of the list of Infringement Images, the Enjoined Parties will: (i) destroy all Infringing Items in their possession, custody or control, all marketing and advertising materials for the Infringing Items and all digital files (except those kept for the purpose of complying with this injunction), screens, patterns, negatives or other elements used for producing or manufacturing the Infringing Items; and (ii) notify all warehouses, distributors or other similar entities to which Spreadshirt has sold or distributed the Infringing Items, if any, demanding that each such entity destroy all Infringing Items in its possession or return them to Spreadshirt for destruction. Spreadshirt will provide a sworn affidavit to TPCi certifying that it has complied with the destruction of the Infringing Items as set forth in this paragraph within two (2) days of the destruction.

3.    It is further ORDERED that within ten (10) days of Spreadshirt's receipt of the list of Infringement Images, Spreadshirt will provide to TPCi a full and complete accounting with respect to all Infringing Items offered for sale prior to the date the accounting is provided, that includes the following:

      (a)    with respect to Infringing Items for which there were no sales, the total number of designs, in the aggregate, that were provided to Spreadshirt; and

      (b)    with respect to Infringing Items for which there were sales, (i) the total number of items produced with respect to each such Infringing Item, (ii) the total number of items sold with respect to each such Infringing Item,

FINAL JUDGMENT AND PERM. INJ.
(CASE NO. 2:15-cv-00832 TSZ) - 3

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966

(iii) the total amounts received from the sale of each such Infringing Item; and (iv) the total amounts paid to or received by all Third-Party Infringers in connection with the sale of each such Infringing Item, including the name of, and contact information for, each such Third-Party Infringer.

Spreadshirt will provide a sworn affidavit to TPCi at the time it provides the foregoing accounting, certifying that the information contained in the accounting is true, accurate and complete.

## BINDING EFFECT

IT IS FURTHER ORDERED that this Permanent Injunction will be binding upon and inure to the benefit of the parties and all successors, assigns, subsidiaries, officers, directors, members, distributors, agents, affiliates, and all other persons who are in active concert or participation with anyone described herein, who receive actual notice of this Permanent Injunction by personal service or otherwise. Without limiting the foregoing, Spreadshirt will ensure that any person or entity who purchases all or a portion of its assets or business of making or printing products on demand has notice of this Permanent Injunction.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that the Court will retain jurisdiction of this action for purposes of construing, modifying, and enforcing this Permanent Injunction.

IT IS SO ORDERED.

DATED this 23rd day of November, 2015.

_Thomas S. Zilly_
Thomas S. Zilly
United States District Judge

FINAL JUDGMENT AND PERM. INJ.
(CASE NO. 2:15-cv-00832 TSZ) - 4

focal PLLC
800 Fifth Ave., Ste. 4100
Seattle, WA 98104
206.260.3966